Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. C13-5539 BHS |
| Plaintiff, | |
| v. | STIPULATED PROTECTIVE ORDER |
| LINDA BARBER, et al., | |
| Defendants. | |

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Defendants will seek discovery of records pertaining to individuals in a "system of records," as defined by the Privacy Act, 5 U.S.C. § 552a(a)(5) (the "Act"), disclosure of which would potentially constitute a violation of criminal and civil law under section 552a(b) of the Act absent an Order from this Court pursuant to section 552a(b)(11). Furthermore, the parties may request through discovery other records that, if disclosed for purposes other than this litigation, could reasonably be expected to constitute an unwarranted invasion of privacy. Accordingly, the parties hereby stipulate to and petition the court to enter the following

Stipulated Protective Order
C13-5381 BHS - 1

United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave., N.W.- G Street
Washington, D.C., 20530
202-353-9491

1  Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c).
2  It does not confer blanket protection on all disclosures or responses to discovery, the protection it
3  affords from public disclosure and use extends only to the limited information or items that are entitled
4  to confidential treatment under the applicable legal principles, and it does not presumptively entitle
5  parties to file confidential information under seal.
6  2.      "CONFIDENTIAL" MATERIAL
7          "Confidential" material shall include the following documents and tangible things produced or
8  otherwise exchanged: (1) personally identifiable information relating to Diana Alton, Defendants,
9  other tenants at Defendants' properties, or witnesses, including but not limited to social security
10 numbers, taxpayer identification numbers, birth dates, the names of individuals known to be minors, or
11 financial account numbers, and (2) information relating to Diana Alton's, Defendants', other tenants',
12 or witnesses' education, financial transactions, medical history, criminal history, or employment
13 history.
14 3.      SCOPE
15         The protections conferred by this agreement cover not only confidential material (as defined
16 above), but also (1) any information copied or extracted from confidential material; (2) all copies,
17 excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or
18 presentations by parties or their counsel that might reveal confidential material. However, the
19 protections conferred by this agreement do not cover information that is in the public domain or
20 becomes part of the public domain through trial or otherwise.
21
22
23 Stipulated Protective Order                                United States Department of Justice
   C13-5381 BHS - 2                                                    Civil Rights Division
                                                           Housing and Civil Enforcement Section
24                                                          950 Pennsylvania Ave., N.W.- G Street
                                                                   Washington, D.C., 20530
25                                                                       202-353-9491
26

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 <u>Basic Principles</u>. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service

Stipulated Protective Order
C13-5381 BHS - 3

United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave., N.W.- G Street
Washington, D.C., 20530
202-353-9491

1  instructs the service not to disclose any confidential material to third parties and to immediately return

2  all originals and copies of any confidential material;

3      (f)    during their depositions, witnesses in the action to whom disclosure is

4  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

5  (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

6  transcribed deposition testimony or exhibits to depositions that reveal confidential material must be

7  separately bound by the court reporter and may not be disclosed to anyone except as permitted under

8  this agreement;

9      (g)    the author or recipient of a document containing the information or a custodian

10  or other person who otherwise possessed or knew the information;

11      (h)    any mediator used to attempt resolution of this action.

12      4.3    <u>Filing Confidential Material</u>. Before filing confidential material or discussing or

13  referencing such material in court filings, the filing party shall confer with the designating party to

14  determine whether the designating party will remove the confidential designation, whether the

15  document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.

16  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be

17  applied when a party seeks permission from the court to file material under seal.

18      4.4    <u>Release of Obligations Under the Privacy Act</u>. The United States and its officers,

19  agents, employees, and representatives are hereby relieved of any obligation under 5 U.S.C. § 552a(c)

20  to make or keep any accounting of any disclosure or, under 5 U.S.C. § 552a(e)(8), to provide notice of

21  any disclosure to any individual made under the authority of this Order.

Stipulated Protective Order
C13-5381 BHS - 4

United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave., N.W.- G Street
Washington, D.C., 20530
202-353-9491

Case 3:13-cv-05539-BHS Document 22 Filed 11/04/13 Page 5 of 13

5. DESIGNATING PROTECTED MATERIAL

    5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

    If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

    (a) <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential

Stipulated Protective Order
C13-5381 BHS - 5

United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave., N.W.- G Street
Washington, D.C., 20530
202-353-9491

material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

      (b) <u>Testimony given in deposition or in other pretrial or trial proceedings</u>: the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

      (c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

    5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1   <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a

Stipulated Protective Order
C13-5381 BHS - 6

United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave., N.W.- G Street
Washington, D.C., 20530
202-353-9491

confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

Stipulated Protective Order
C13-5381 BHS - 7

United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave., N.W.- G Street
Washington, D.C., 20530
202-353-9491

1     (a) promptly notify the designating party in writing and include a copy of the
2  subpoena or court order;
3     (b) promptly notify in writing the party who caused the subpoena or order to issue
4  in the other litigation that some or all of the material covered by the subpoena or order is subject to this
5  agreement. Such notification shall include a copy of this agreement; and
6     (c) cooperate with respect to all reasonable procedures sought to be pursued by the
7  designating party whose confidential material may be affected.
8  8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>
9    If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential
10  material to any person or in any circumstance not authorized under this agreement, the receiving party
11  must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its
12  best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or
13  persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d)
14  request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that
15  is attached hereto as Exhibit A.
16  9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>
17    When a producing party gives notice to receiving parties that certain inadvertently produced
18  material is subject to a claim of privilege or other protection, the obligations of the receiving parties are
19  those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify
20  whatever procedure may be established in an e-discovery order or agreement that provides for

Stipulated Protective Order  
C13-5381 BHS - 8

United States Department of Justice  
Civil Rights Division  
Housing and Civil Enforcement Section  
950 Pennsylvania Ave., N.W.- G Street  
Washington, D.C., 20530  
202-353-9491

1 production without prior privilege review. Parties shall confer on an appropriate non-waiver order
2 under Fed. R. Evid. 502.
3 10.   <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>
4         Within 60 days after the termination of this action, including all appeals, each receiving party
5 must return all confidential material to the producing party, including all copies, extracts and
6 summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.
7         Notwithstanding this provision, counsel are entitled to retain one archival copy of all
8 documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition
9 and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even
10 if such materials contain confidential material.
11        The confidentiality obligations imposed by this agreement shall remain in effect until a
12 designating party agrees otherwise in writing or a court orders otherwise.

Stipulated Protective Order
C13-5381 BHS - 9

United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave., N.W.- G Street
Washington, D.C., 20530
202-353-9491

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2  For Plaintiff United States:

3  JENNY A. DURKAN                             THOMAS E. PEREZ
   United States Attorney                      Assistant Attorney General
4
   /s/ Patricia D. Gugin                       /s/ Carrie Pagnucco
5  PATRICIA D. GUGIN WSBA # 43458              STEVEN H. ROSENBAUM
   Assistant United States Attorney            Chief
6  1201 Pacific Avenue                         SAMEENA SHINA MAJEED
   Tacoma, WA 98402                            Deputy Chief
7  Phone: 206-428-3832                         CARRIE PAGNUCCO, NY Bar, DC
   Fax: 253-428-3826                           Bar #1000551
8  Email: pat.gugin@usdoj.gov                  Trial Attorney
                                               Housing and Civil Enforcement Section
9                                              Civil Rights Division
                                               U.S. Department of Justice
10                                             950 Pennsylvania Avenue NW
                                               Northwestern Building, 7th Floor
11                                             Washington, D.C. 20530
                                               Phone: (202) 353-9491
12                                             Fax: (202) 514-1116
                                               Email: carrie.pagnucco@usdoj.gov
13
   For Defendants Linda Barber, Bert Barber, and Lori Thompson:
14
   /s/ Kimberly Larsen Rider
15 RORY W. LEID, III                           CHELSEA C. BALDWIN
   KIMBERLY LARSEN RIDER                       Walstead Mertsching
16 Cole, Wathen, Leid & Hall, P.C.             Civic Center Building, Third Floor
   1000 Second Avenue, Suite 1300              1700 Hudson Street
17 Seattle, WA 98104                           P.O Box 1549
   Phone: (206) 622-0494                       Longview, WA 98632
18 Fax: (206) 587-2476                         Phone: (360) 423-5220
   Email: rleid@cwlhlaw.com                    Fax: (360) 423-1478
19 Email: krider@cwlhlaw.com                   Email: baldwin@walstead.com

20

21

22

   Stipulated Protective Order                        United States Department of Justice
23 C13-5381 BHS - 10                                           Civil Rights Division
                                                      Housing and Civil Enforcement Section
24                                                    950 Pennsylvania Ave., N.W.- G Street
                                                              Washington, D.C., 20530
25                                                                   202-353-9491

26

1 | PURSUANT TO STIPULATION, IT IS SO ORDERED.

2 | DATED: 11/4/13

3 | JUDGE BENJAMIN H. SETTLE
UNITED STATES DISTRICT JUDGE

Stipulated Protective Order
C13-5381 BHS - 11

United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave., N.W.- G Street
Washington, D.C., 20530
202-353-9491

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *United States v. Barber*, No. 13-cv-5539 BHS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Stipulated Protective Order
C13-5381 BHS - 12

United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave., N.W.- G Street
Washington, D.C., 20530
202-353-9491