UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

LINDA BARBER, et al.,

Defendants.

CASE NO. C13-5539 BHS

ORDER GRANTING
DEFENDANTS' MOTION TO
ENFORCE SUBPOENA,
DENYING PLAINTIFF'S
MOTION FOR PROTECTIVE
ORDER, AND GRANTING
PLAINTIFF'S MOTION TO FILE
RESPONSE TO SURREPLY

This matter comes before the Court on Defendants Bert Barber, Linda Barber, and Lori Thompson's ("Defendants") motion to enforce subpeona (Dkt. 28), Plaintiff United States of America's ("Government") motion for protective order (Dkt. 30), and Government's motion for leave to file response to Defendants' surreply (Dkt. 41).  The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motion to enforce subpoena, denies the motion for protective order, and grants the motion to file a response for the reasons stated herein.

# I. PROCEDURAL HISTORY

On July 1, 2013, the Government, on behalf of Diana Alton, filed a complaint against Defendants seeking enforcement of the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq*. Dkt. 1.  Relevant to the instant motions, the Government alleges that, "[a]s a result of Defendants' retaliatory conduct, Ms. Alton experienced increased panic attacks, anxiety, nightmares and increased physical pain because of the stress surrounding the dispute." *Id*., ¶ 39.  The Government seeks an award "of monetary damages to Ms. Alton pursuant to 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1)," which grants the Court authority to award "actual and punitive damages . . . ." *Id*. at 12.

On April 4, 2014, Defendants filed a motion to enforce a subpoena for Ms. Alton's medical records (Dkt. 28) and the Government filed a motion for a protective order (Dkt. 30).  On April 16, 2014, the parties responded.  Dkts. 33 & 34.  On April 18, 2014, the parties replied.  Dkts. 37 & 38.  On April 22, 2014, Defendants filed a surreply.  Dkt. 39.  On April 22, 2014, the Government filed a motion for leave to file a response to Defendants' surreply.[1]  Dkt. 41.

# II. DISCUSSION

"Unless otherwise limited by court order,  . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."  Fed. R. Civ. P. 26(b)(1).  Confidential communications made to a licensed psychiatrist or psychologist during the course of treatment are afforded privilege protection under Fed.

---

[1] The Court grants this motion and has considered the response.

1    R. Evid. 501. *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996).  The privilege, however, may be

2    waived when a plaintiff seeks certain emotional distress damages.  *See Santelli v.*

3    *Electro–Motive*, 188 F.R.D. 306, 308 (N.D. Ill. 1999).  This is because "[f]or each item of

4    damages, whether economic or non-economic, the plaintiff must show that the damage

5    was proximately caused by the defendant's unlawful conduct."  *Doe v. City of Chula*

6    *Vista*, 196 F.R.D. 562, 568 (S.D. Cal. 1999).   Courts in this district have previously

7    applied a "middle ground" approach to waiver and have found waiver when the plaintiff

8    asserts more than "garden-variety" emotional distress.  *Carrig v. Kellogg USA Inc.*, 2013

9    WL 392715, at * 3 (W.D. Wash. Jan. 30, 2013) (collecting cases and describing

10   alternative approaches).

11          In this case, the Court finds that Ms. Alton has waived privilege.  Although the

12   Government attempts to concede that it is not seeking damages for anything more than

13   "garden-variety" emotional distress, the complaint clearly alleges that Defendants'

14   actions caused "*increased* panic attacks, anxiety, nightmares . . . ."  Dkt. 1, ¶ 39

15   (emphasis added).  Without disclosing Ms. Alton's conditions before Defendants'

16   conduct, it would be impossible to determine the increase in such distress.  Moreover,

17   panic attacks, anxiety, and nightmares are not "garden-variety" emotional distress.  *See*

18   *e.g., Carrig*, 2013 WL 392715 at * 2 ("general emotional harms like 'humiliation,

19   embarrassment, anger, and other similar emotions[.]'") (citing *Santelli*, 188 F.R.D. at

20   309).  Therefore, the Court grants Defendants' motion to enforce the subpoena and denies

21   the Government's motion.

22

1    Although the Court finds that Ms. Alton's medical records are discoverable, the

2    Government also requests that the records be entitled to some protection from

3    unnecessary disclosure of Ms. Alton's information.  Dkt. 30 at 1–2.  For example, the

4    Government requests limited disclosure to attorneys, expert witnesses, and/or medical

5    providers.  *See* Dkt. 30–2, ¶ 7.  The Court finds such a request reasonable and orders the

6    parties to meet and confer regarding a special protective order for Ms. Alton's medical

7    records.  If the parties are able to reach an agreement, they may file a stipulated order.

8    Otherwise, the parties shall file one document setting forth each party's position.

### III. ORDER

10    Therefore, it is hereby **ORDERED** that Defendants' motion to enforce subpeona

11    (Dkt. 28) is **GRANTED**, the Government's motion for protective order (Dkt. 30) is

12    **DENIED**, and the Government's motion for leave to file response to Defendants'

13    surreply (Dkt. 41) is **GRANTED**.

14    Dated this 4th day of June, 2014.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4