# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LINDA BARBER, et al.,

    Defendants.

CASE NO. C13-5539 BHS

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL, DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER, AND AWARDING DISCOVERY FEES

This matter comes before the Court on Plaintiff United States of America's ("Government") motion to compel (Dkt. 42) and Defendants Bert Barber, Linda Barber, and Lori Thompson's ("Defendants") motion for protective order (Dkt. 43). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motion to compel, denies the motion for protective order, and grants discovery fees for the reasons stated herein.

## I. PROCEDURAL HISTORY

On July 1, 2013, the Government, on behalf of Diana Alton, filed a complaint against Defendants seeking enforcement of the Fair Housing Act, 42 U.S.C. §§ 3601, *et*

1  *seq.* ("FHA"). Dkt. 1. Relevant to the instant motions, the Government alleges that
2  Defendants have engaged in a pattern or practice of resistance to the full enjoyment of
3  rights granted by the FHA. *Id.* ¶ 49(a).
4        On April 25, 2014, the Government filed a motion to compel (Dkt. 42) and
5  Defendants filed a motion for protective order (Dkt. 43). On May 7, 2014, the
6  Government responded. Dkt. 45. On May 9, 2014, Defendants replied. Dkt. 46. On
7  May 12, 2014, Defendants responded to the Government's motion. Dkt. 48. On May 15,
8  2014, the Government replied. Dkt. 51.

## II. DISCUSSION

10        "Unless otherwise limited by court order, . . . [p]arties may obtain discovery
11  regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."
12  Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the
13  discovery appears reasonably calculated to lead to the discovery of admissible evidence."
14  *Id.*
15        In this case, the parties dispute the extent of discovery that the Government may
16  have with regard to the allegation of Defendants engaging in a pattern or practice of
17  illegal conduct. Tenant files created from May 2008 through December 2012 are
18  discoverable information because they could reasonably lead to the discovery of
19  admissible evidence on the issue of a pattern or practice of behavior. Therefore, the
20  Court grants the Government's motion to compel.
21        In the event that the Court granted the motion to compel, Defendants request that
22  the Court order the Government to pay for the costs of producing these tenant files. Dkt.

46 at 5. The Government contends that it has offered to pay the costs of production. Dkt. 45 at 12. Because the parties agree on this issue, the Court awards fees in any amount up to $3500 for the production of the client files and Defendants' review. Any request for fees and/or costs exceeding this amount, shall be requested by motion and supported by detailed records.

### III. ORDER

Therefore, it is hereby **ORDERED** that the Government's motion to compel (Dkt. 42) is **GRANTED**, Defendants' motion for protective order (Dkt. 43) is **DENIED**, and Defendants are awarded up to $3500 for the costs and fees associated with producing the requested materials.

Dated this 17th day of June, 2014.

BENJAMIN H. SETTLE
United States District Judge