UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LINDA BARBER, et al.,

    Defendants.

CASE NO. C13-5539 BHS

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR IN-CAMERA REVIEW AND DISCOVERY OF EXPERT FILE

This matter comes before the Court on Bert Barber, Linda Barber, and Lori Thompson's ("Defendants") motion for in-camera review and discovery of expert file (Dkt. 53). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On July 1, 2013, the Government, on behalf of Diana Alton, filed a complaint against Defendants seeking enforcement of the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.* ("FHA").  Dkt. 1.

On May 30, 2014, Defendants filed a motion for in-camera review and discovery of expert file.  Dkt. 53.  Defendants contend that the Government has failed to meet its discovery obligations with respect to its retained expert, Susan Duncan.  *Id*.  On June 16, 2014, the Government responded.  Dkt. 58.  On June 20, 2014.  Dkt. 60.

## II. DISCUSSION

**A.    In-Camera Review**

"Rule 26(b)(4)'s exceptions preserve the integrity of experts' opinions by making discoverable lawyers' communications that jeopardize the experts' independence." *Gerke v. Travelers Cas. Ins. Co. of America*, 289 F.R.D. 316, 326 (D. Or. 2013).

In this case, Defendants have failed to show, at this time, that the Government's privilege log is suspect.  During Ms. Duncan's deposition Defendants may ask more direct questions as to the facts or data underlying Ms. Duncan's opinion, and, if necessary, request that the Court conduct a limited in-camera review.  Therefore, the Court denies Defendant's request for an in-camera review.

**B.    Reports**

Defendants request that the Court compel the Government to produce all the documents that Ms. Duncan cites in her report.  Dkt. 53 at 11.  Defendants assert that Ms. Duncan has cited to over 40 references and studies that she used in drafting her report, some of which are not readily used in the legal community and some of which may only be accessed via paid subscription sites.  *Id*.  The Court concludes that these documents are discoverable as they may lead to admissible impeachment evidence, Defendants are entitled to the documents that are not publically accessible, and it is unreasonable, if not

manifestly unjust, to require Defendants to pay Ms. Duncan $500 per hour to obtain the documents. Therefore, the Court grants Defendants motion to compel these references and studies.

**C.     Fees**

Defendants contend that Ms. Duncan's expert fee of $500 per hour is excessive. Dkt. 53 at 12. "[T]e court must require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery . . . ." Fed. R. Civ. P. 26(b)(4)(E)(i). The Court agrees with Defendants that Ms. Duncan's fee of $500 per hour and $4500 per day is not reasonable. Although Ms. Duncan has extensive experience in the field of policies and best practices for service animals (Dkt. 50, Exh. 2), the fees are considerably more than comparable medical professionals in the area (Dkt. 55, ¶ 4). Moreover, the main issue in this case is a $1,000 pet deposit and it would be manifestly unjust to require Defendants to pay almost five times that amount just to depose the Government's expert. While the Government is able to expend over $33,000 to retain Ms. Duncan (Dkt. 54-9 at 1), the Court finds it unreasonable to force Defendants to pay these unreasonable amounts. Therefore, the Court concludes that reasonable rates that Defendants must pay for Ms. Duncan are $375 per hour, capped at $2,500 per day.

**D.     Extension**

In light of the rulings in this order and other recent orders, the Court finds good cause to extend the rebuttal expert report deadline to July 31, 2014.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion for in-camera review and discovery of expert file (Dkt. 53) is **GRANTED in part** and **DENIED in part** as stated herein.

Dated this 9th day of July, 2014.

BENJAMIN H. SETTLE
United States District Judge