1

2

3

4

5

6   UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON
7   AT TACOMA

8   UNITED STATES OF AMERICA,

9                   Plaintiff,                      CASE NO. C13-5539 BHS

10         v.                                       ORDER GRANTING IN PART
                                                    AND DENYING IN PART
11  LINDA BARBER, et al.,                           DEFENDANTS' DISCOVERY
                                                    MOTIONS
12                  Defendants.

13

14         This matter comes before the Court on Bert Barber, Linda Barber, and Lori

15  Thompson's ("Defendants") motion for relief from deadline to file rebuttal expert report

16  (Dkt. 69); motion to continue the discovery deadline for limited discovery and request for

17  sanctions (Dkt. 75); and motion to compel examination under FRCP 35, motion to

18  compel FRCP 34 inspection, motion to compel deposition of Diana Alton, motion to

19  compel documents, and request for sanctions (Dkt. 77). The Court has considered the

20  pleadings filed in support of and in opposition to the motions and hereby rules as follows:

21

22

# I. PROCEDURAL HISTORY

On July 1, 2013, the Government, on behalf of Diana Alton, filed a complaint against Defendants seeking enforcement of the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq*. ("FHA"). Dkt. 1.

On July 30, 2014, Defendants filed a motion for relief from deadline to file rebuttal expert report.  Dkt. 69.  On August 6, 2013, the Government responded.  Dkt. 72. On August 8, 2014, Defendants replied.  Dkt. 73.

On August 13, 2014, Defendants filed a motion to continue the discovery deadline for limited discovery and request for sanctions (Dkt. 75) and a motion to compel examination under FRCP 35, motion to compel FRCP 34 inspection, motion to compel deposition of Diana Alton, motion to compel documents, and request for sanctions (Dkt. 77).  The Government responded.  Dkts. 80 & 90.  Defendants replied.  Dkts. 88 & 91.

# II. DISCUSSION

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Information is "relevant" if it is "reasonably calculated to lead to the discovery of admissible evidence."  *Id.*

The parties' three, fully briefed motions essentially boil down to a few issues. First, Defendants request that the discovery deadlines be extended to conduct an independent medical examination ("IME") on Ms. Alton and to submit an expert rebuttal report after the IME.  The Government contends that an IME is irrelevant because they are only seeking garden variety emotional distress damages.  The Court, however, has ruled against the Government on this issue and concluded that the complaint alleges

1  damages beyond garden variety.  Dkt. 56.  Therefore, Ms. Alton's emotional distress

2  damages are relevant and an IME may lead to admissible evidence to rebut such

3  damages.

4       In the event that the Court rules against the Government on the issue of allowing

5  an IME, the Government requests leave to amend their complaint.  While an amended

6  complaint would seem to solve some issues in this case, the Government's request is

7  improperly before the Court in a response brief.  For some reason, Defendants object to

8  the amendment and are entitled to an opportunity to be heard on those objections.  Fed.

9  R. Civ. P. 15(a)(2).  Therefore, the Court declines to grant the Government leave to

10  amend at this time.

11       Second, Defendants request that the Court order an inspection of Ms. Alton's dog,

12  Scrappee Anne.  Dkt. 77 at 6–8.  Defendants seek an inspection "to determine to what

13  extent Scrappee Anne is in fact trained, and to what extent the dog responds to commands

14  to assist Ms. Alton."  *Id*. at 8.  Both of these justifications lack merit.  Training is

15  irrelevant to the issues before the Court.  *See Green v. Hous. Auth. of Clackamas Cty.*,

16  994 F. Supp. 1253, 1256 (D. Or. 1998) ("[The housing provider's] requirement that an

17  assistance animal be trained by a certified trainer of assistance animals, or at least by a

18  highly skilled individual, has no basis in law or fact.").  Whether Scrappee Anne always

19  responds to Ms. Alton is irrelevant to Ms. Alton's contention that the dog assists Ms.

20  Alton with her disabilities.  Any evidence contesting this assertion can be obtained

21  through Ms. Alton and not through an inspection of her dog Scrappee Anne.  Therefore,

22  the Court denies Defendants' motion on this issue.

1    Third, Defendants request that the Court enter an order that the Government may

2  not assert the common interest privilege because the Government's and Ms. Alton's

3  interests have diverged.  Dkt. 77 at 8–9.  Defendants' position is without merit.  Even if

4  there was some authority for denying the privilege in an FHA case, Defendants have

5  failed to show that the Government's and Ms. Alton's interests have actually diverged to

6  the point of not having any common interest in pursuing this action.  Therefore, the Court

7  denies Defendants' motion on this issue.

8    Finally, Defendants request that the Court award sanctions.  The Court denies the

9  request because Defendants have failed to show any conduct that warrants sanctions.

10                                        **III. ORDER**

11    Therefore, it is hereby **ORDERED** that the Court **GRANTS** Defendants' motions

12  (Dkts. 69, 75, & 77) with respect to the IME of Ms. Alton and extensions of specific

13  discovery relevant to that IME.

14    Dated this 30th day of September, 2014.

15

16  _____

    BENJAMIN H. SETTLE

17  United States District Judge

18

19

20

21

22

ORDER - 4